**Isidro P. ROSALINAS, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–371.

United States Court of Veterans Appeals.

March 25, 1993.

Isidro P. Rosalinas, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Michael R. Smalls, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

KRAMER, Associate Judge:

Appellant, Isidro P. Rosalinas, appeals a December 18, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied his claim for non-service-connected pension benefits on the basis that his service with the New Philippine Scouts does not qualify him for such benefits. We affirm the Board's decision.

Appellant had active service with the New Philippine Scouts from April 1946 to March 1949. R. at 1. Mr. Rosalinas is a resident of the United States and states that he became a citizen on December 16, 1991, after the BVA decision. *Br. of Appellant* at 2. Appellant, in essence, contends, for the first time on appeal to the Court, that his service in the New Philippine Scouts, combined with his status as an American citizen, qualifies him to receive a non-service-connected pension.

Appellant's claim is governed by 38 U.S.C.A. § 107(b) (West 1991), which states in pertinent part:

> Service in the Philippine Scouts under section 14 of the Armed Forces Voluntary Recruitment Act of 1945 [the Act of October 6, 1945, Public Law 190, 76th Cong., 59 Stat. 543] shall not be deemed to have been active military ... service for the purposes of any of the laws administered by the Secretary [of Veterans Affairs, including those relating to non-service-connected pension].

38 U.S.C.A. § 107(b); *see* 38 C.F.R. § 3.8(b) (1992). Although decisions of the District of Columbia Circuit are not binding on this Court, the constitutionality of Section 107(a) and (b) was upheld in *Quiban v. Veterans Admin.*, 928 F.2d 1154 (D.C.Cir. 1991). In *Dela Pena v. Derwinski*, 2 Vet. App. 80 (1992), which upheld the constitutionality of 38 U.S.C.A. § 107(a), this Court "embrace[d] the holding in *Quiban.*" *Dela Pena*, 2 Vet.App. at 81. For the reasons stated in *Dela Pena*, we extend its holding to 38 U.S.C.A. § 107(b) and find this subsection to be constitutional on its face.

To the extent that appellant may have raised an issue as to whether § 107(b) is constitutional as applied to him because he is now a citizen, *see* SUTHERLAND STAT.

CONST. § 2.06 (4th Ed.), such issue was raised for the first time on appeal to the Court. Appellant's averment as to citizenship relates to citizenship acquired after the BVA decision and consequently, the BVA made no factual determination regarding such status. The Court recently stated in *Saunders v. Brown*, 4 Vet.App. 320, 326 (1993),

It has generally been thought that the adjudication of the constitutionality of congressional enactments is "beyond the jurisdiction of administrative agencies", including the BVA. *Johnson v. Robison*, 415 U.S. 361, 368, 94 S.Ct. 1160, 1166, 39 L.Ed.2d 389 (1974); *see also Public Utilities Comm'n v. United States*, 355 U.S. 534, 539–40, 78 S.Ct. 446, 450–51, 2 L.Ed.2d 470 (1958). On the other hand, "[a]dministrative agencies are entitled to pass on constitutional claims but they are not required to do so", *Plaquemines Port v. Federal Maritime Comm'n*, 838 F.2d 536, 544 (D.C.Cir.1988); because the appellant's claim for entitlement ... arises under a law that affects the provision of benefits by the Secretary, the Board had jurisdiction over the claim. *See* 38 U.S.C.A. §§ 511(a), 7104(a) (West 1991). Appellant's claim for entitlement ... is not purely a constitutional claim, but is intertwined with factual questions.... [T]he need for factual development to help the court resolve [a] constitutional issue is a proper reason for requiring exhaustion of remedies before judicial review of the constitutionality of a statute. *W.E.B. DuBois Clubs of America v. Clark*, 389 U.S. 309, 312, 88 S.Ct. 450, 452, 19 L.Ed.2d 546 (1967).

The Court went on to state that "[t]he Board is free to express a view on ... appellant's [constitutional] claim...." *Saunders* at 327. The BVA in this case has neither made a factual determination regarding citizenship nor had the opportunity to express a view as to the issue of whether § 107(b) as applied to appellant is constitutional. As a consequence, we hold that the issue presented as to whether § 107(b) is constitutional as applied to appellant because he is now a United States citizen is not ripe for consideration. *Cf.*

*Branham v. Derwinski*, 1 Vet.App. 93 (1990).

The decision of the BVA is AFFIRMED.