Louis **LORENZANO**, Appellant,

v.

Jesse **BROWN**, Secretary of Veterans Affairs, Appellee.

No. 91–1016.

United States Court of Veterans Appeals.

March 30, 1993.

Charles Haupt, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen.

Counsel, and Sara B. Lake were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Associate Judges.

FARLEY, Associate Judge:

Appellant, Louis Lorenzano, was certified as having served in the Merchant Marine for two periods during World War II totaling ninety-three days. In a decision dated May 3, 1991, the Board of Veterans' Appeals (BVA) denied appellant's claim for entitlement to service connection for pulmonary tuberculosis (PTB) upon the factual conclusion that PTB was not present during his periods of active duty and the legal conclusion that he is not eligible for presumptive service connection because he did not have at least ninety days of *continuous* service. In this timely appeal, appellant argues that the BVA committed legal error because there is no statutory requirement that the ninety days of active service be continuous; appellant does not challenge the BVA's factual finding that PTB was not present during active service. The Secretary of Veterans Affairs has moved for summary affirmance. Because the Court concludes that presumptive service connection under 38 U.S.C.A. § 1112 (West 1991) and 38 C.F.R. § 3.307(a)(1) (1992) is applicable only if the veteran served on active duty for a *continuous* period of 90 days or more, the May 3, 1991, BVA decision will be affirmed.

## I. BACKGROUND

Appellant served on active duty in the Merchant Marine on one vessel, the Percy E. Foxworth, from February 18 to May 10, 1945 (a period of 82 days), and on a second vessel, the Flagstaff Victory, from June 12 to June 22, 1945 (a period of 11 days), for a total of ninety-three days active military service. R. at 1. On September 6, 1945, appellant was admitted to the Army Service Forces Hospital in Torrance, California, with persistent right chest pain and a productive cough of three months' duration. He was diagnosed with tuberculosis,

pulmonary reinfection type, chronic. R. at 6.

On September 9, 1988, appellant filed an application for compensation or pension for residuals of PTB with the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO). Appellant attached to his application 58 pages of medical records which confirmed the original diagnosis of tuberculosis. R. at 13–71. The RO requested an advisory opinion from the Director of the Compensation and Pension Service (C & P), VA Central Office, Washington D.C., as to whether the VA regulation concerning presumptive service connection for chronic diseases, 38 C.F.R. § 3.307(a)(1), requires a single continuous period of active service of 90 days or more, or whether separate periods of active service which combine to 90 days or more may be used as a basis to presume service connection. In a letter dated July 1989, the C & P Director replied as follows:

> We have reviewed your undated submission and the claims folder. The veteran is shown to have had active service with the U.S. Coast Guard–Merchant Marine from February 18, to June 22, 1945. However, qualifying service is limited to actual voyages (see DVB Circular 21–88–7, Par. 5a), which are certified as February 18 to May 10 and June 12 to 22, 1945. To be entitled to presumptive service connection for chronic, tropical or prisoner-of-war related disease, the veteran must have served 90 days or more during a war period or after December 31, 1946.

> Separate periods of active wartime service or service after December 31, 1946, the sum of which total at least 90 days, does not meet the requirement set forth in 38 CFR 3.307(a)(1).

R. at 74. In a rating decision dated September 13, 1989, the RO denied appellant's request for service connection for PTB, noting: "There is no evidence of tuberculosis manifested during the veteran's active duty. The veteran does not have 90 days of continuous active duty, therefore the presumptive provisions of the law are not applicable." R. at 77. On October 6, 1989, appellant filed a Notice of Disagreement.

A Statement of the Case was submitted to appellant on November 8, 1989. Following a personal hearing at the RO on March 1, 1990, in a decision dated May 8, 1990, an RO hearing officer denied appellant's claim for service connection for PTB:

The evidence of record does not demonstrate that the veteran's [PTB] arose while on active duty as a Merchant Marine from February 18, 1945 to May 10, 1945, and from June 12, 1945 to June 22, 1945. Further, presumptive service connection under 38 U.S.C. 312(a)(3), and 38 C.F.R. 3.307(a)(1)(3), is not warranted because the veteran did not serve continuously for 90 days or more during a period of war. (General Counsel opinion 4–80 considered). In addition, sound medical judgment does not warrant a finding that the veteran's [PTB] was incurred in or aggravated by active military service, as contemplated under 38 U.S.C. 313(b) and 38 C.F.R. 3.303(d).

R. at 107. A Supplemental Statement of the Case was issued to appellant on June 28, 1990.

In a decision dated May 3, 1991, the BVA affirmed the denial of appellant's claim for service connection for PTB. *Louis Lorenzano*, BVA 91–14418 (May 3, 1991). In the "DISCUSSION AND EVALUATION" section of the decision, the BVA noted:

The veteran had active merchant marine service on a vessel from February 18, 1945, to May 10, 1945, and June 12, 1945, to June 22, 1945. [PTB] was not reported during these active service periods. It was diagnosed at an Army hospital in September 1945, several months after a period of active merchant marine service. When hospitalized, the veteran related a medical history that included persistent right chest pain and productive cough of three month's duration. This diagnosis was clearly not during a period of active service.

We also point out that presumptive provisions of the law, which would allow service connection for certain chronic disabilities diagnosed shortly after service, are applicable only if the veteran had at least ninety (90) days of active continuous service. A review of the veteran's certified active service dates shows that he did not serve continuously for a period of at least 90 days. Therefore, the presumptive provisions of the law are not applicable and service connection for [PTB] is not warranted as it was not shown to have had its onset during active service.

*Id.* at 3. A timely appeal to this Court followed.

## II. ANALYSIS

In 1987, pursuant to section 401 of Pub.L. 95–202, the Secretary of Defense certified that oceangoing service in the Merchant Marine during World War II constituted "active military service" for purposes of entitlement to veterans benefits. *See* 38 C.F.R. § 3.7(x)(15); *Spencer v. Derwinski*, 1 Vet.App. 125, 126 (1991). However, no special statutory or regulatory provisions were enacted or promulgated with respect to the establishment of presumed service connection by Merchant Mariners. Therefore, recourse must be had to the general provisions of 38 U.S.C.A. § 1112(a) (West 1991) and 38 C.F.R. § 3.307(a)(1). The former, entitled "[p]resumptions relating to certain diseases and disabilities," provides, in pertinent part, as follows:

... in the case of any veteran who served for ninety days or more during a period of war—

. . . . .

(3) active tuberculosis disease developing a 10 percent degree of disability or more within three years from the date of separation from such service;

. . . . .

... shall be considered to have been incurred in or aggravated by such service, notwithstanding there is no record of evidence of such disease during the period of service.

38 U.S.C.A. § 1112(a). The corresponding regulation, which determines eligibility for presumed service connection, defines "service" to include an element of continuity:

(1) *Service.* The veteran must have served 90 days or more during a war

period or after December 31, 1946. The requirement of 90 days' service means active, continuous service within or extending into or beyond a war period, or which began before and extended beyond December 31, 1946, or began after that date....

38 C.F.R. § 3.307(a)(1). It is this regulation, and the BVA's reliance upon it, with which appellant takes issue, arguing that "[t]he statute, 38 U.S.C.A. [1112], does not require continuous service for ninety days." Appellant's Brief at 4.

As in all questions involving statutory interpretation, we start with an examination of the language of the statute itself. "If the statutory language is plain, and its meaning clear, no room exists for statutory construction. There is nothing to construe." *Gardner v. Derwinski*, 1 Vet.App. 584, 587–88 (1991). However, "[d]etermining a statute's plain meaning requires examining [not only] the specific language at issue [but also] the overall structure of the statute [as well]." *Id.* at 586. Therefore, "each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole." 2A N. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 46.05 (4th ed. 1984).

█ The situation presented in this appeal is readily distinguishable from that in *Gardner, supra,* where, as both sides agreed, the statute in question did not contain an element of fault and the Court found that the incorporation of fault into the corresponding regulation was inconsistent with the plain meaning of the statute. Here, while 38 U.S.C.A. § 1112(a) does not, and its antecedents did not, use the word "continuous," when viewed as an "harmonious whole" the statute does specifically characterize the "ninety days or more" as a "period of service," i.e., one having a beginning, an end, and continuity. The Court therefore holds that the definition of "service" in 38 C.F.R. § 3.307(a)(1)—"The requirement of 90 days' service means active, continuous service ..."—is consistent with the plain meaning of 38 U.S.C.A. § 1112(a) and the BVA decision must be affirmed.

Even if the plain meaning of the statute were not clear, we would be compelled to reach the same result. As we said in *Combee v. Principi*, 4 Vet.App. 78 (1993):

If the pertinent statutes and regulations are not clear from their plain language, the Court must then focus on the interpretation put on the pertinent statutes and regulations by the agency administering them, here the VA, and determine whether the VA's interpretation conforms to the wording and the purpose of the statutes and regulations. *See Federal Election Comm'n v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 31 [102 S.Ct. 38, 41, 70 L.Ed.2d 23] (1981). *See also Gardner*, 1 Vet.App. at 588.

*Combee*, 4 Vet.App. at 90.

From its very origins, the VA has required ninety days of continuous active service before service connection could be presumed. The Act of March 20, 1933, which marked "the second time in the history of the country [that] the allowances to veterans were reduced" (GUSTAVUS A. WEBER AND LAURENCE F. SCHMECKEBIER, THE VETERANS' ADMINISTRATION (1934),) specifically authorized the President to:

prescribe by regulation the required number of days of war or peace time service for each class of veterans, ... the nature and extent of proofs and presumptions for such different classes, and any other requirements as to entitlement as he shall deem equitable and just.

Act of March 20, 1933, Title I, § 4, Pub.L. No. 2, 73rd Congress, 48 Stat. 8. Pursuant to that direction, eleven days later, on March 31, 1933, the President issued Executive Order 6089, Veterans' Regulation No. 1, which, inter alia, presumed service connection "for a chronic disease becoming manifest to a degree of 10% or more within one year from the date of separation from active service ...; provided the person suffering from such disease served 90 days or more in the active service...." Veterans' Regulation No. 1, Part I(c). On April 15, 1933, the Administrator of Veterans' Affairs issued Instruction No. 6 to Veterans' Regulation No. 1(a), which provided, in pertinent part, that "[s]ervice for 90 days or

**450**

more, required by Part I, paragraph I(b) and (c) ... will be taken to mean *continuous*, active service...." (Emphasis added.) *See* Administrator's Decision, Veterans' Administration, No 247, May 12, 1934. This instruction, which presently appears at 38 C.F.R. § 3.307(a)(1), has remained in effect since April 15, 1933. On June 6, 1933, the President issued Executive Order 6156, Veterans' Regulation No. 1(a), which canceled and replaced Veterans' Regulation No. 1, but which retained the language in Veterans' Regulation No. 1 regarding presumptive service connection—i.e., presuming service connection "for a chronic disease becoming manifest to a degree of 10% or more within one year from the date of separation from active service ...; provided the person suffering from such disease served 90 days or more in the active service...." *See* Veterans' Regulation No. 1(a), Part I, Paragraph I(c). In an Administrator's Decision dated May 12, 1934, the Administrator of Veterans' Affairs held that a veteran must have had "90 days continuous service" in order to be given the benefit of the provisions of Veterans' Regulation No. 1(a), Part I, paragraph I(c). *See* Administrator's Decision, Veterans' Administration, No 247, May 12, 1934.

█ The Supreme Court has counseled that "special deference" must be accorded to an agency's contemporaneous interpretation of its founding statutes, especially when the interpretation has remained in effect for a long period of time and Congress has never expressed its disapproval. *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 600 n. 17, 101 S.Ct. 817, 823 n. 17, 66 L.Ed.2d 762 (1981); *see also Northern Cheyenne Tribe v. Hollowbreast*, 425 U.S. 649, 660, 96 S.Ct. 1793, 1799, 48 L.Ed.2d 274 (1976); *United States v. Jackson*, 280 U.S. 183, 193, 50 S.Ct. 143, 146, 74 L.Ed. 361 (1930). The VA's interpretation is entitled to that "special deference" here.

### III. CONCLUSION

For the reasons noted above, the BVA decision of May 3, 1991, is AFFIRMED.