Gool COUNTS, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1288.

United States Court of Veterans Appeals.

May 27, 1994.

---

David Ewing, San Francisco, CA, was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, David W. Engel, Deputy Asst. Gen. Counsel, and Adam K. Llewellyn, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, FARLEY, and MANKIN, Judges.

FARLEY, Judge, concurring in the result, and MANKIN, Judge, concurring in part and dissenting in part, file separate opinions.

KRAMER, Judge:

Appellant, Gool Counts, appeals the April 15, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which determined that new and material evidence had not been submitted to reopen appellant's claims of entitlement to service connection for residuals of an eye injury, a neck injury, a left hip injury, a left leg injury (other than the left knee scar), and a hiatal hernia. Appellant served on active duty from July 1943 to December 1945. This Court has jurisdiction under 38 U.S.C. § 7252(a). In addition to the specific determination by the BVA, appellant's brief also raises the issue of a violation of the VA's duty to assist and the issue of clear and unmistakable error (CUE). Inherent in the former, in part, is the question of the scope of such duty in relation to private records under 38 U.S.C. § 5107(a) and 38 C.F.R. § 3.159 (1993). For the reasons set forth below, the Court affirms the BVA decision. The relevant facts are discussed in the context of each issue.

## I. New and Material Evidence

■ Pursuant to 38 U.S.C. § 5108, the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b). On claims to reopen previously and finally disallowed claims, the BVA must conduct a "two-step analysis" under section 5108. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material." If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *See Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991).

The Court recently synthesized the applicable law as follows:

> "New" evidence is that which is not merely cumulative of other evidence of record. "Material" evidence is that which is relevant to and probative of the issue at hand and which, as this Court stated in *Colvin* [*v. Derwinski*, 1 Vet.App. 171, 174 (1991)], ... must be of sufficient weight or significance (assuming its credibility) that there is a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome.

*Cox v. Brown*, 5 Vet.App. 95, 98 (1993); *see also Justus v. Principi*, 3 Vet.App. 510, 513 (1992). The determination as to whether evidence is "new and material" is a question of law subject to de novo review in this Court under 38 U.S.C. § 7261(a)(1). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin*, 1 Vet.App. at 174.

■ The Court finds that the BVA correctly determined that appellant had not submitted new and material evidence since the Board last denied his claims in July 1987. On appeal, appellant contended that two records from the Surgeon General's Office submitted by appellant in 1988 constitute new and material evidence. Br. at 14–16. One record shows that appellant was hospitalized in April 1944 following a motor vehicle accident, and the other reflects that a veteran with the same service number as appellant

was hospitalized for chronic cystitis and stricture of the urethra in the South Pacific in 1944. R. at 412, 413. The former record is not new because the information is contained in appellant's service medical records which have been of record since the initial BVA decision in 1960. The latter record is new, but is immaterial because it is not relevant to and probative of whether appellant's conditions were incurred or aggravated in service.

## II. Duty to Assist

■ Despite the finding that appellant did not submit new and material evidence to reopen his claims, this Court's decisions in *White v. Derwinski,* 1 Vet.App. 519 (1991), and *Ivey v. Derwinski,* 2 Vet.App. 320 (1992), stand for the proposition that, even absent the submission of new and material evidence, the duty to assist may still be triggered under appropriate circumstances. In this light, the Court reviews appellant's contention on appeal that the VA failed to fulfil its statutory duty in developing the facts pertinent to his present claims. Br. at 18.

■ First, appellant points to an undated branch separation center document which states, "A Board of Review has considered this case ..., dated 10 Sep[tember] 1945.... Its findings indicate that hospitalization for further study, treatment, and/or disposition is necessary," R. at 247, and he argues that this language suggests that documents are missing from the record on appeal, Br. at 14–19. The bottom of this separation center document indicates a final diagnosis of "[n]asopharyngitis, acute, mod[erately] s[e]v[ere]." R. at 247. Subsequent hospital records, also included in the record on appeal, contain an entry dated December 10, 1945, which states that appellant had complained "[f]or the past five days ... of a sore throat, hoarseness, coughing, running nose, pain in the chest interiorly and pain in the back." R. at 250. Another entry, dated December 11, 1945, notes, "Temperature Pulse Normal. Patient has recovered from nasopharyngitis acute catarrhal moderate. He has no complaints and is feeling fine. Discharge to [s]eparation [c]enter." *Id.* Upon reviewing these records, the Court finds that the duty to assist has not been

breached. There has been no showing that any records, either missing or described in this paragraph, relate to a disability for which appellant is presently seeking benefits, and no such relationship can be perceived on the face of the described documents. Furthermore, there are records which postdate the separation center document which show that the hospitalization deemed necessary in such document not only took place, but that at the end of such hospitalization, appellant had recovered from the specified condition. R. at 250; *see* 38 U.S.C. § 5107 ("Secretary shall assist ... a claimant in developing the facts *pertinent* to the claim") (emphasis added); 38 C.F.R. § 3.103(a) (1993); *Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991) (noting that the "duty to assist is not unlimited" and that "the duty to develop pertinent facts applies to 'all *relevant* facts'" (citation omitted) (emphasis added)); *Gobber v. Derwinski,* 2 Vet.App. 470, 472 (1992) ("'duty to assist' is not a license for a 'fishing expedition' to determine if there *might* be some *unspecified* information which could possibly support a claim. In connection with the search for documents, this duty is limited to specifically identified documents that by their description *would be* facially relevant and material to the claim"); *cf.* FED.R.EVID. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

■ Second, appellant states that "the record clearly indicates that x-rays were taken in the course of [his] pre-discharge physical examination. The BVA has not obtained these x-rays." Br. at 19. Appellant's pre-discharge examination, dated November 30, 1945, indicates "no significant abnormalities" with respect to a chest x-ray, and notes that "x-rays of left shoulder and spine [are] essentially negative." R. at 12, 14. The Court finds that since the relevance of these documents has not been shown and is not readily apparent, the Court cannot find a breach of the duty to assist. *See* 38 U.S.C. § 5107(a); 38 C.F.R. § 3.103(a); *Godwin,* 1 Vet.App. at 425; *Gobber,* 2 Vet.App. at 472.

■ Third, appellant states that the record on appeal contains testimony that he "failed to pass a physical examination for a job with Northern Pacific Railroad immediately following discharge[, R. at 177–78], but the VA evidently made no attempt to [ob]tain the record of this examination." Br. at 19. The Court notes that appellant also testified, "I have tried to obtain the records from them but they are no longer available." R. at 178. Under these circumstances, the Court cannot find a breach of the duty to assist where appellant acknowledges their unavailability. *Cf. Porter v. Brown*, 5 Vet.App. 233, 237 (1993) ("VA had no duty to seek to obtain that which did not exist").

■ Fourth, appellant points to statements from private physicians, R. at 326, 330, and states that while the "BVA relied upon [these] letters, [it] did not request their complete records." Br. at 19. The Court notes that the statements referenced by appellant primarily address his back condition, with one also "explain[ing]" that his left hip pain was secondary to his back condition. R. at 326, 330. Again, the Court finds that the BVA did not violate the duty to assist where appellant made no showing as to the relevance of these records and their relevance is not readily apparent since the issue of entitlement to service connection for appellant's back condition was not before the BVA and is not presently on appeal. In addition, by their description, it appears that such records would be merely cumulative of the letters already of record. *See* 38 U.S.C. § 5107(a); 38 C.F.R. § 3.103(a); *Godwin*, 1 Vet.App. at 425; *Gobber*, 2 Vet.App. at 472.

Appellant's third and fourth arguments pertain to the VA's alleged failure to assist appellant in procuring private records. Since appellant does not aver that he specifically requested the VA, at any time, for assistance in obtaining these private documents, his arguments raise the underlying issue of the scope of the VA's duty to assist in obtaining them.

A review of this Court's jurisprudence reveals a lack of clarity in specifying the obligations of a claimant and of the VA regarding the obtaining of private records once the duty to assist is triggered, either with respect to an original claim or a claim for reopening. *See, e.g., Murphy v. Derwinski*, 1 Vet.App. 78, 82–83 (1990) (Court stated, "[I]f private medical, hospital, employment or other civilian records [as indicated on the claimant's application] would assist the development of 'the facts pertinent to the claim[,]' the Secretary would be able to request them from the claimant or, upon authorization, obtain them directly," but ordered that if, on remand, the BVA concluded that the claim was well grounded, the Secretary *must* "secure and review" the claimant's post-service hospitalization records); *Littke v. Derwinski*, 1 Vet.App. 90, 92–93 (1990) (Court stated that where the record before the BVA is incomplete and the veteran listed recent private medical examinations in his substantive appeal, "[a]t a minimum, the VA had a duty to advise the veteran to submit the results of his private medical examination and to make them part of the record on appeal," but *directed* the BVA to remand the case to the agency of original jurisdiction with instructions *to obtain* the private medical records and a new examination if existing information was inadequate); *Godwin* 1 Vet.App. at 425 (Court stressed the requirement that records be "relevant," and that the Secretary respond "one way or the other" to the claimant's specific request for assistance, including where appropriate, why information requested is not relevant so that the claimant "will have the opportunity to try to convince VA that the information he seeks is relevant"); *White*, 1 Vet.App. at 521 (while stating that the "statute, 38 U.S.C. § 5107(a), does not explicitly require the Secretary to assist a veteran in obtaining private records[,] ... [t]he regulation, 38 C.F.R. § 3.159(b), is broader than the statute, and does require the Secretary to help the veteran obtain private records," the Court's decision directing the BVA, on remand, to obtain private records can be read as relying only on the fact that the claim was well grounded, not on the fact that the veteran had requested and authorized the VA to obtain such private records); *Schafrath v. Derwinski*, 1 Vet.App. 589, 593–95 (1991) (while the facts indicate that the veteran requested assistance in obtaining VA records, the Court stated that in disability rating reduction cases, the VA's

duty to assist extends to obtaining a complete medical history "whether or not the claimant requests a particular record"); *Ivey,* 2 Vet.App. at 323–24 (although the veteran did not request his private records, the "evidence of record and before the VA raised enough notice of pertinent private medical records to trigger the duty to assist" to obtain such records and a medical opinion); *Culver v. Derwinski,* 3 Vet.App. 292, 297 (1992) (same as *Ivey* ); *cf. Murincsak v. Derwinski,* 2 Vet.App. 363 (1992) (Court held that where the VA is put on notice of the existence of relevant Social Security Administration records, 38 U.S.C. § 5107(a) requires the VA to assist in acquiring such records).

In an attempt to clarify our jurisprudence, the Court begins with the relevant language of the statutory and regulatory bases for the VA's duty to assist:

### § 5106. Furnishing of information by other agencies

The head of any Federal department or agency shall provide such information to the Secretary as the Secretary may request for purposes of determining eligibility for or amount of benefits, or verifying other information with respect thereto.

38 U.S.C. § 5106.

### § 5107. Burden of proof; benefit of the doubt

(a) . . . . a person who submits a claim for benefits . . . shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well-grounded. The Secretary shall assist such a claimant in developing the facts *pertinent* to the claim. Such assistance shall include requesting information as described in section 5106 of this title.

38 U.S.C. § 5107 (emphasis added).

### § 3.159 [VA] assistance in developing claims.

(a) Although it is the responsibility of any person filing a claim for a benefit . . . to submit evidence sufficient to justify a belief in a fair and impartial mind that the claim is well grounded, the [VA] shall as-

sist a claimant in developing the facts *pertinent* to his or her claim. . . .

(b) When information sufficient to identify and locate necessary evidence is of record, the [VA] shall assist a claimant by requesting, directly from the source, existing evidence which is either in the custody of military authorities or maintained by another Federal agency. *At the claimant's request,* and provided that he or she has authorized the release of such evidence in a form acceptable to the custodian thereof, the [VA] shall assist a claimant by attempting to obtain *records maintained by State or local governmental authorities and medical, employment, or other non-government records* which are *pertinent and specific* to the claim.

38 C.F.R. § 3.159 (emphasis added).

The statute, 38 U.S.C. § 5107(a), speaks in terms of developing all pertinent facts, including obtaining information in the possession of the Federal Government. In addition to section 5106 facts, the regulation, 38 C.F.R. § 3.159, speaks in terms of obtaining pertinent non-federal records. The regulation is also more specific than the statute in that it specifies a process, involving the claimant's request and authorization, by which to obtain the VA's assistance in securing non-section 5106 facts. In sum, the statute, in part, directs what non-section 5106 facts to develop, i.e., pertinent facts, and the regulation directs how to obtain them. Since the statute encompasses the development of all pertinent facts, including those not covered by § 5106, and the regulation simply sets forth the process by which non-section 5106 facts are obtained, there is no inconsistency between them. *See* 38 U.S.C. § 7261(a)(3)(C) (empowering the Court to "hold unlawful and set aside . . . regulations issued or adopted by the Secretary, the [BVA], or the Chairman of the Board found to be . . . in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right"); *see, e.g., Talley v. Derwinski,* 2 Vet.App. 282, 286–87 (1992) ("in view of th[e] direction in [38 U.S.C.] § 1521(a) [that the Secretary shall pay to each veteran . . . who is permanently and totally disabled], the Secretary's authority in 38 U.S.C. § 501(a)

... to 'prescribe ... regulations ... consistent with' the authorizing laws allows the Secretary to prescribe regulations providing for determinations of permanent and total disability based in whole or in part upon subjective criteria"); *Tomlin v. Brown,* 5 Vet.App. 355, 357 (1993) (Court construed 38 C.F.R. § 20.201 as imposing no technical formal requirements for a Notice of Disagreement beyond the requirements set by 38 U.S.C. § 7105(b)(2)); *Lorenzano v. Brown,* 4 Vet.App. 446, 449 (1993) (Court held that the definition of "service" in 38 C.F.R. § 3.307(a)(1) was consistent with the plain meaning of 38 U.S.C. § 1112(a)).

■ Giving effect to the language of the regulation, the following construct emerges which delineates the scope of the VA's duty to assist in obtaining non-section 5106 records: if the claimant wants the VA to consider documents not in the possession of the Federal Government, the claimant must (1) furnish them to the VA, or (2) request the VA to obtain them, provide an appropriate release for such purpose, and demonstrate how the documents are relevant to the claim.

■ Turning to the case at issue, because appellant did not raise before the BVA the issue of whether he improperly had not been notified of the requirements of 38 C.F.R. § 3.159(b), it is open to question whether the issue is ripe for review at this time. *Cf. Rosalinas v. Brown,* 5 Vet.App. 1, 2 (1993); *Herzog v. Derwinski,* 2 Vet.App. 502, 503 (1992). Assuming that the issue is properly before the Court, the Court notes that the same due process considerations underlying the Court's decision in *Thurber v. Brown,* 5 Vet.App. 119 (1993), require that notice be provided to a claimant as to that claimant's obligations under 38 C.F.R. § 3.159(b) with respect to obtaining non-federal records. *See Thurber,* 5 Vet.App. at 122–26 (Court held that due process considerations and the VA's duty to assist required that where the BVA relies, in rendering a decision, on any evidence developed or obtained by it subsequent to the issuance of the most recent Statement of the Case or Supplemental Statement of the Case, or where the BVA becomes aware of evidence favorable to the claimant in the course of developing or ob-

taining evidence, it shall provide the claimant with notice of, and an opportunity to respond to, such evidence); *Douglas v. Derwinski,* 2 Vet.App. 103, 110 (1992); *Douglas v. Derwinski,* 2 Vet.App. 435, 442 (1992) (en banc); *see also* 38 C.F.R. § 3.103 (providing "procedural due process and appellate rights" to the claimant, including the "right to written notice of the decision made on his or her claim"); *Bernard v. Brown,* 4 Vet.App. 384, 394 (1993) (Court held that when the Board addresses a question not addressed by the Regional Office "it must consider whether the claimant has been given adequate notice of the need to submit evidence or argument on that question and an opportunity to submit such evidence and argument and to address that question at a hearing and, if not, whether the claimant has been prejudiced thereby"); *Godwin,* 1 Vet.App. at 425 (Court stressed the requirement that records be "relevant," and that the Secretary respond "one way or the other" to the claimant's specific request for assistance, including where appropriate, why information requested is not relevant so that the claimant "will have the opportunity to try to convince VA that the information he seeks is relevant"); *Nagler v. Derwinski,* 1 Vet.App. 297, 304 (1991) ("serious due process concerns would arise if the BVA reached a decision on a fee agreement which impinged upon the interests of the client without having provided the client with notice and the opportunity to be heard"); *Buzinski v. Brown,* 6 Vet.App. 360, 364–69, (1994) (to insure that appellant was accorded procedural due process, the Court reviewed the record to determine whether the BVA's factual finding of actual notice of a foreclosure proceeding was "clearly erroneous"); *McDowell v. Brown,* 5 Vet.App. 401, 405–08 (1993) (Court analyzed the applicability of the due-process-based exceptions to the res judicata effect of a final judgment upon a certified class, including the sufficiency of notice). In this case, however, the failure of the BVA to provide such notice was harmless since the private records either were unavailable or did not constitute new evidence. *See* 38 U.S.C. § 7261(b) (requiring the Court to "take due account of the rule of prejudicial error"); *Yabut v. Brown,* 6 Vet.App. 79, 85 (1993).

### III. CUE

■ Appellant also argued on appeal that the BVA failed to "rule on" his claim of CUE. Br. at 16; *see also* Reply Br. of Appellant. Appellant contends that the VA's treatment of his separation examination as "complete" and "dispositive" was faulty since he "was not seen by a surgical consultant regarding his hernia," and that "the Board of Review never submitted its findings regarding his reported disabilities." Br. at 16. First, appellant's present CUE claim does not satisfy the requirements of pleading CUE under *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993), in that he has not demonstrated "why the result would have been *manifestly* different but for the alleged error[s]." Second, CUE cannot be premised upon records which appellant alleges *should have* been in the record at the time of the prior adjudications. *See Caffrey v. Brown*, 6 Vet.App. 377, 384 (1994) ("VA's breach of the duty to assist cannot form a basis for a claim of CUE"). Third, the BVA decisions in 1984 and 1987 found no CUE in prior adjudications. While the precise nature of the CUE alleged by appellant and then considered by the BVA is unclear from the record, the Court notes that the principle of finality contained in *Russell v. Principi*, 3 Vet.App. 310 (1992) (en banc), precludes the endless review of the same issue. *Russell*, 3 Vet.App. at 315 ("Once there is a final decision on the issue of [CUE] ..., that particular claim of [CUE] may not be raised again.") (Citations omitted.)

### IV. Conclusion

For the reasons stated above, the Court holds that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal or remand. *See Gilbert v. Derwinski*, 1 Vet. App. 49 (1990). The Court affirms the BVA decision of April 15, 1991.

FARLEY, Judge, concurring:

I concur in the judgment and I specifically concur in the holding that the Secretary did not breach the duty to assist imposed by 38 U.S.C. § 5107(a). I write separately because I have come to the view that this Court has created a concept of "duty to assist" which is at once too broad to be fulfilled in practice by the VA and not justifiable as a matter of statutory construction. While I applaud the courage of Judge Kramer in attempting to bring clarity to our decisions in this area, I believe that he addresses mere symptoms rather than the systemic disease and that he applies only a "Band–Aid" when major surgery is required.

### I.

The opening sentence of Part II of Judge Kramer's opinion, which discusses our jurisprudence concerning the Secretary's duty to assist under 38 U.S.C. § 5107(a), reads as follows:

Despite the finding that appellant did not submit new and material evidence to reopen his claims, this Court's decisions in *White v. Derwinski*, 1 Vet.App. 519 (1991), and *Ivey v. Derwinski*, 2 Vet.App. 320 (1992), stand for the proposition that, even absent the submission of new and material evidence, the duty to assist may still be triggered under appropriate circumstances.

*Ante* at 476. My quarrel is not with this characterization, which is faithful to *White* and *Ivey*, but with the respective holdings in those cases.

Although *White* was severely cabined by limiting language in the body of the opinion ("the issue ... [is] a very narrow one"), 20/20 hindsight reveals overly broad language in the conclusion which, having been on the panel, I now wish I had challenged at the time. But if *White* did stretch 38 U.S.C. § 5107(a) a bit, *Ivey* warped it completely out of shape in holding that "[w]hile the evidence submitted by the veteran was inadequate to reopen his claim, it was sufficient to trigger the duty to assist." 2 Vet.App. at 322. Despite the absence of a pending claim, the *Ivey* majority faults the Secretary for breaching the statutory duty to assist by failing to obtain records and failing to create evidence by generating a medical opinion. This holding stands without any supporting authority and for good reason: there isn't any.

The concurring opinion in *Ivey* was more imaginative. It invented a "well-grounded

claim to reopen" a claim and then attempted to set it in stone, if not in statute, by repeating variations of the phrase over and over (*see* 2 Vet.App. at 324, 325, 326, 327, 328, and 330). The concurring opinion then decrees, again without benefit of statutory support, a "lower threshold for satisfying the requirement of a well-grounded claim" to reopen and would impose a duty to assist merely because a prior hospitalization was mentioned. In my view, the majority and concurring opinions in *Ivey* are not consistent with 38 U.S.C. § 5107(a).

That the *Ivey* version of duty to assist is now virtually limitless can be seen from a sentence in a recent panel opinion in *Caffrey v. Brown*, 6 Vet.App. 377, 383 (1994): "The duty to assist may arise when a claimant simply refers to private medical examinations or treatments without making a specific request." It is now law that a mere reference to prior treatment or hospitalization will be deemed to have given rise to the statutory duty to assist even when no claim is pending. The next step will be a holding that the Secretary is required to get records whether or not a veteran ever mentions private medical examinations or treatment. In the short space of three years we have all but created a form of strict liability for which I can find no basis in law, fact, or reason.

## II.

For me, the proper analysis is simple and in keeping with the "chronological obligations" which we have held are established and allocated by 38 U.S.C. § 5107. *See Schroeder v. Brown*, 6 Vet.App. 220, 224–25 (1994); *Suttmann v. Brown*, 5 Vet.App. 127, 132 (1993); *Ivey*, 2 Vet.App. at 327 (Steinberg, J., concurring); *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990); *Gilbert v. Derwinski*, 1 Vet.App. 49, 55 (1990).

A claimant has the initial burden of "submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded. The Secretary shall assist *such a claimant* in developing the facts pertinent to the claim." 38 U.S.C. § 5107(a) (emphasis added). As we have definitively held, the submission of a well-grounded claim is "a prerequisite to the triggering of the duty-to-assist obligation under section 5107(a)." *Godwin v. Derwinski*, 1 Vet.App. 419, 425 (1991); *see also Grivois v. Brown*, 6 Vet.App. 136, 140 (1994) ("no duty to assist arises absent a well-grounded claim ..."); *Suttmann*, *supra* ("Once a claimant submits a well-grounded claim for VA benefits, the Secretary is required to assist ..."). Thus, under § 5107(a), the Secretary only has a duty to assist "such a claimant," i.e., one who has met the burden of submitting a well-grounded claim; the Secretary is not under a statutory obligation to assist one who has not submitted a well-grounded claim. Were this not so, i.e., if the Secretary is deemed to have a statutory duty to assist any and all who present claims, the "burden" imposed by Congress in § 5107(a) and stressed again in § 5107(b) would be meaningless.

Pursuant to 38 U.S.C. § 7104(b), a denied claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." *See also* 38 U.S.C. § 7105(c) (if a Notice of Disagreement with a Regional Office denial is not filed within one year, "the action or determination shall become final and the claim will not thereafter be reopened or allowed ..."). Since a finally denied claim can be neither reopened nor allowed, and a new claim based upon the same rejected facts cannot even be considered, it necessarily follows that the original claim is no longer well grounded under § 5107(a) because it is no longer "a plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy*, *supra*. Therefore, a final denial of a claim eliminates the "prerequisite," the trigger for the imposition of the Secretary's § 5107 duty to assist. *Godwin*, *supra*.

A claimant can only reopen a disallowed claim by shouldering the burden of presenting "new and material evidence." 38 U.S.C. § 5108. Such evidence "must" create "a reasonable possibility that the outcome would differ when the new evidence [is] considered in light of all the evidence." *Justus v. Principi*, 3 Vet.App. 510, 512 (1992). If a denied claimant submits new and material evidence, i.e., meets the statutorily imposed burden, the Secretary "shall reopen the claim and

review the former disposition of the claim." 38 U.S.C. § 5108. As a result of the submission of new and material evidence and the statutory command to the Secretary to reopen and review, the Secretary's duty to assist "such a claimant" attaches because the "prerequisite," a well-grounded claim, once again exists: "a claim need not be conclusive but only possible to satisfy the initial burden of § [5107(a)]." *Murphy, supra.* If the claimant fails to meet the § 5108 burden, the claim remains finally denied and cannot be considered well grounded, and I can find no statutory basis for imposing upon the Secretary a duty to assist such a claimant.

In my view, therefore, 38 U.S.C. § 5107 does not impose a duty to assist upon the Secretary unless or until a claimant presents a well-grounded claim. Similarly, unless or until a finally-denied claim has been reopened upon the submission of new and material evidence under 38 U.S.C. § 5108, there is no well-grounded claim pending and no duty to assist. Of course, Congress could well create and impose upon the Secretary a universal duty to assist any and all claimants by eliminating the "burden" language in 38 U.S.C. § 5107(a) and (b), and further require the Secretary to assist, upon request, all claimants whose claims have been finally denied in gathering new and material evidence. Such a step would certainly be within the province of the legislative branch; it is not, however, within the province of this Court and because we have done so, I suggest we have gone too far.

### III.

In the case presently before us, Judge Kramer does not address whether the Secretary was under a statutory duty to assist appellant and, indeed, he did not have to because of the global holding in *Ivey.* Relying upon 38 U.S.C. §.5107(a), he holds that, with respect to records in the possession of the government, the Secretary's duty to assist arises only when a claimant demonstrates the relevance of such records. As to records which are not in the possession of the Federal Government, Judge Kramer effectively holds that the Secretary imposed a duty to assist upon himself by promulgating

38 C.F.R. § 3.159. Focusing solely upon § 3.159(b), he decrees that the duty to assist arises only after such records have been furnished by the claimant to the VA (Query: what remaining assistance could the Secretary provide in such an instance?) or the claimant requests the VA to obtain them, furnishes a release, and demonstrates relevance. Finding that appellant failed to overcome these "relevance" hurdles with respect to both government and non-government records, Judge Kramer holds that the Secretary did not breach the duty to assist imposed by 38 U.S.C. § 5107(a).

I do not disagree with Judge Kramer's announcement of a barrier of relevance as symptomatic relief. Such a step is consistent with the burdens placed upon claimants or potential claimants by both § 5107(a) and § 5108. Indeed, the concept has been lurking in our duty-to-assist jurisprudence. For example, in *Ivey* the duty to assist was held to apply to "pertinent" records (2 Vet.App. at 323), and *Caffrey* ruled that the VA was under a duty to obtain "evidence in view of its relevance to proper adjudication of the claim" (6 Vet.App. 377, 383. Unlike Judge Mankin, I am of the view that an en banc pronouncement is not required in an instance such as this where the panel opinion merely "completes the analysis" of our prior decisions. *See McGinnis v. Brown,* 4 Vet.App. 239, 244 (1993).

Were it not for the precedents of *Ivey* and its progeny, however, I would argue that Judge Kramer's analysis of 38 C.F.R. § 3.159 is incomplete in that it isolates 38 C.F.R. § 3.159(b) from § 3.159(a) which stresses emphatically the burdens (the word "responsibility" appears twice) placed upon a claimant. More importantly, in that context there is no temporal element in § 3.159(b). Taken as a whole, then, I believe that § 3.159 is consistent with the "chronological obligations" holding of *Gilbert, supra:* the Secretary has a duty to assist a claimant in retrieving any identified records but only after the claimant has met the "responsibility" mentioned two times in § 3.159(a), i.e., there is pending an original well-grounded claim under § 5107(a) or a reopened well-grounded claim under § 5108.

## IV.

The Secretary did not violate a statutory or regulatory duty to assist in this case. But for our existing precedential decisions, I would hold that, as a matter of law, there was no statutory duty to assist because no well-grounded claim was pending. To the extent that our duty-to-assist jurisprudence presently compels a different result, I respectfully suggest to our bench and bar that the emperor we have created has no statutory clothes.

MANKIN, Judge, concurring in part and dissenting in part:

I concur in the result; however, I emphatically do not agree with Judge Kramer's contravention of precedent in his unabashed attempt to redefine the duty to assist in Part II of the opinion. Judge Kramer concludes, and I agree, that because the appellant has not demonstrated the relevance of the private medical records, the Secretary did not breach the duty to assist imposed by 38 U.S.C. § 5107(a). However, where I diverge from Judge Kramer is with his inappropriate attempt to formulate a "construct . . . which delineates the scope of the VA's duty to assist in obtaining non-section 5106 records." *Ante* at 479.

My disagreement with this "construct" is two-fold. First, because this case can be disposed of on the relevancy issue, there is no need to enforce 38 C.F.R. § 3.159(b) (1993). Judge Kramer himself admits that "because [the] appellant did not raise before the BVA the issue of whether he improperly had not been notified of the requirements of 38 C.F.R. § 3.159(b) (1993), it is open to question whether the issue is ripe for review at this time." *Ante* at 479. Second, even if the issue were ripe for review and even if these private medical records were deemed to be relevant, such a "construct" as found in Judge Kramer's opinion would best come from an en banc panel since it directly contravenes Court precedent. *See, e.g., Littke v. Derwinski,* 1 Vet.App. 90 (1990); *Ivey v. Derwinski,* 2 Vet.App. 320 (1992); *Culver v. Derwinski,* 3 Vet.App. 292 (1992); *Caffrey v. Brown,* 6 Vet.App. 377 (1994). These cases explicitly *do not require* that the claimant

either furnish the records to the VA or specifically request that the VA procure private medical records before the duty to assist is triggered.

Therefore, Judge Kramer, in effect, disregards the Court's prior conclusions—even one as recent as March 1994. As my colleagues have warned, "the Court should avoid making 'overly broad pronouncements that are [not] warranted by the facts of this specific case.'" *Selley v. Brown,* 6 Vet.App. 196, 200 (1994) (Steinberg, J., concurring) (quoting *Lasovick v. Brown,* 6 Vet.App. 141, 152 (1994) (Ivers, J., concurring in part and dissenting in part). Having decided that the duty to assist in this case was not violated, Judge Kramer should have ended his opinion there. The remainder of Judge Kramer's analysis in Part II of the opinion, including his formulation of a "construct" in regard to the VA's duty to assist in obtaining non-section 5106 (i.e. private medical) records, is dicta. While I concur in the result, I do not share Judge Kramer's zeal to limit the VA's duty to assist.