Citation Nr: 1602922 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 09-14 932 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manchester, New Hampshire


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, other than posttraumatic stress disorder (PTSD), to include bipolar II disorder, depression, and anxiety. 


REPRESENTATION

The Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Amanda Radke, Associate Counsel 



INTRODUCTION

The Veteran, who is the appellant in this case, served honorably on active duty from October 1974 to October 1977. 

This matter comes before the Board of Veterans' Appeals (Board) from a July 2008 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Manchester, New Hampshire, which in pertinent part denied service connection for an acquired psychiatric disability. The Board previously remanded this appeal in July 2011 and January 2014. In an April 2015 decision, the Board granted service connection for PTSD, and remanded the issue of service connection for an acquired psychiatric disability other than PTSD. 

The issue of service connection for an acquired psychiatric disability other than PTSD is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Service Connection for an Acquired Psychiatric Disability, other than PTSD 

In April 2015, the Board remanded the appeal to obtain a VA medical opinion regarding whether any acquired psychiatric disorder other than PTSD had its onset in service or is otherwise causally or etiologically related to the Veteran's military service, and whether any acquired psychiatric disorder other than PTSD is etiologically related to the service-connected PTSD. 

In the May 2015 VA medical opinion, the VA examiner opined that each psychiatric disability less likely than not had its onset during military service or is etiologically related to service because there is no evidence to suggest a relationship and it would require resorting to mere speculation to make the conclusion. The Board noted that the record showed diagnoses of bipolar disorder, anxiety and depression. The examiner did not provide an opinion regarding whether any psychiatric disability is caused by or aggravated by the service-connected PTSD. 

When VA undertakes to examine a veteran, VA is obligated to ensure that the examination is adequate. See Barr v. Nicholson, 21. Vet. App. 303 (2007). Inadequate medical examinations include examinations that contain only data and conclusions, do not provide an etiological opinion, are not based upon a review of medical records, or provide unsupported conclusions. See Nieves- Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124. Without an adequate examination, the Board lacks the evidence necessary to adjudicate the Veteran's claim. See Bowling v. Principi, 5 Vet. App. 1, 12 (2001); 38 C.F.R. § 3.159(c)(4) (a medical examination or opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim). Additionally, a remand by the Board confers on the claimant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). Failure of the Board to ensure compliance with remand instructions constitutes error and warrants the vacating of a subsequent Board decision. 

The Board finds the above opinion inadequate as it does not provide sufficient rationale for the conclusion that that the psychiatric disorder is not etiologically related to service, as the VA examiner later claims that making an opinion that is it related to service would be speculative. Furthermore, the VA examiner did not address whether any psychiatric disability other than PTSD is secondary to the service-connected PTSD. 

Accordingly, the issue of service connection for a psychiatric disorder other than PTSD is REMANDED for the following action:

1. Schedule a VA examination with another qualified examiner to obtain an opinion as to the nature and etiology of the claimed acquired psychiatric disorders. The VA examiner should diagnose all Axis I psychiatric disorders other than PTSD and then, based upon a review of all the record (including service treatment records, post-service treatment records, history of the Veteran, statements from the Veteran and family), should offer the following opinion with supporting rationale with respect to each diagnosed disability: 

Is it at least as likely as not (50 percent probability or greater) that each identified psychiatric disorder was incurred in or caused by active service, to include the Veteran's statements of in-service stressors? 

Is it at least as likely as not (50 percent probability or greater) that each identified psychiatric disorder was caused by the service-connected PTSD? 

Is it at least as likely as not (50 percent probability or greater) that each identified psychiatric disability was aggravated by the service-connected PTSD? 

2. Then readjudicate the issue on appeal. If any benefit sought on appeal remains denied, the Veteran and the representative should be provided a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. Alibrando 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).