Herbert L. TOMLIN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–2165.

United States Court of Veterans Appeals.

July 16, 1993.

Eric C. Black was on the pleadings, for appellant.

James A. Endicott, Jr., Gen. Counsel, David C. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Adrienne Koerber were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

NEBEKER, Chief Judge:

Appellant, Herbert L. Tomlin, appeals an August 13, 1991, Board of Veterans' Appeals (BVA) decision which denied an increased rating, to 20%, for his service-connected right leg disability. The Secretary of Veterans Affairs (Secretary) filed a motion to dismiss, which appellant opposes. In support of the motion to dismiss, the Secretary argues that the Court lacks jurisdiction to consider this appeal. At issue is whether an oral statement by appellant's accredited representative during a hearing before a Department of Veterans Affairs (VA) Regional Office (RO), when later reduced to writing in a transcript, is a Notice of Disagreement (NOD) within the meaning of 38 U.S.C.A. § 7105(b) (West 1991). We hold that it is, and accordingly grant the Secretary's motion to dismiss.

## I. Facts

The salient facts are procedural. According to the record on appeal, a rating decision which denied service connection for a right leg condition was issued in October 1987. Supplemental R. at 3. Appellant filed an NOD with that determination in November 1987. Supplemental R. at 4. On January 19, 1988, appellant filed an appeal to the BVA, stating, "I am seeking [a] service-connected rating of at least 20% for each leg condition." R. at 19 (the claim concerning appellant's left leg condition was the subject of a separate BVA decision not on appeal here). In April 1988, before the BVA considered the appeal and after more evidence was submitted, the RO issued a rating decision granting service connection and a noncompensable rating for a right leg condition. R. at 25.

On May 5, 1988, the RO held a personal hearing at which appellant's representative noted the April 1988 grant of service connection for the right leg condition but stated that appellant requested a 20% rating for that disability. R. at 28. This statement was reduced to writing in a transcript certified as correct and signed by the transcriber on "07–25–88." R. at 49. A Supplemental Statement of the Case (SSOC), which included the issue of an increased evaluation for the right leg condition, was issued in August 1988. This SSOC listed a 10% rating for the right leg disability because of limitation of motion of the right ankle. R. at 52. On April 3, 1989, appellant's representative filed a statement with the BVA that appellant claimed an increased rating for his leg condition; in an October 1989 transcribed hearing, the representative stated that appellant continued to seek the 20% rating he had claimed in the January 1988 appeal to the BVA. R. at 55, 57. On January 30, 1990, the BVA remanded the case for clarification of the discrepancy between the April 1988 noncompensable rating and the rating listed in the August 1988 SSOC. R. at 59. The RO issued a rating decision on remand which established that the rating for the right leg disability continued to be 0%, despite the 10% rating noted on the SSOC. R. at 62. The BVA affirmed that determination. *Herbert A. Tomlin*, BVA 91–24029 (Aug. 13, 1991).

## II. Analysis

 This Court's jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir.1991); *Skinner v. Derwinski*, 1 Vet. App. 2 (1990). A prerequisite for the Court to have jurisdiction over an appeal is that the appellant must have filed a valid NOD

on or after November 18, 1988. *See* Veteran's Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)); *see also Hamilton v. Brown,* 4 Vet.App. 528, 531 (1993) (en banc).

The statutory requirements for an NOD are set forth in section 7105(b) of title 38 of the United States Code. 38 U.S.C.A. § 7105(b). Section 7105(b) provides in pertinent part that an NOD must be filed with the agency of original jurisdiction (AOJ), that is, the agency which entered the initial review or determination concerning a claim (38 U.S.C.A. § 7105(b)(1)); that an NOD must be filed within one year from the date of mailing of notice of the determination (*id.*); and that an NOD "must be in writing and may be filed by the claimant, the claimant's legal guardian, or such accredited representative, attorney, or authorized agent as may be selected by the claimant or legal guardian." 38 U.S.C.A. § 7105(b)(2).

▆▆▆ An NOD is defined by VA regulations as "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the [AOJ] and a desire to contest the result." 38 C.F.R. § 20.201 (1992) (as to the pertinent language, the regulation was essentially the same, but codified at 38 C.F.R. § 19.118, at the time relevant to the procedural facts of this appeal). VA's governing regulation requires that an NOD be a "written communication," 38 C.F.R. § 20.201, while the statute requires that it "must be in writing." 38 U.S.C.A. § 7105(b)(2). However, we construe the regulation to impose no technical formal requirements for an NOD beyond the requirements set by the statute, for to impose any such requirement would exceed the Secretary's authority. 38 U.S.C.A. § 501 (West 1991). The purpose of an NOD, to which VJRA section 402 refers, is to initiate BVA appellate review by letting VA know, within one year from the date of VA's mailing its notice of the result of a determination by an AOJ of the claimant's intent to appeal to the BVA. 38 U.S.C.A.

§ 7105(a), (b). The Court's recent decision in *Hamilton* held that "[t]here can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Hamilton,* 4 Vet.App. at 538. The statement of appellant's representative at the May 5, 1988, hearing by the AOJ undoubtedly functioned as an NOD as to appellant's claim for a 20% rating for his service-connected right leg disability; that is, it triggered the issuance of an SSOC and appellate review by the BVA. The further issues here are whether, under the facts presented, such a "functional" NOD meets the statutory and regulatory requirements so that it was an NOD within the meaning of section 402 of the VJRA, and—if so—when it was filed.

Appellant argues in his opposition to the Secretary's motion to dismiss that there is no NOD in the record relating to the issue now in dispute, the denial of a 20% rating. In any event, he argues, any explicit or implicit NOD would, of necessity, have to be in response to the first rating decision issued by the RO after the BVA decision of January 30, 1990. That BVA decision, however, was not "final" as to his claim. The decision merely remanded his claim for the RO to resolve the discrepancy between the April 1988 rating decision which assigned a 0% rating and the August 1988 SSOC which listed the rating as 10%. Accordingly, appellant's alternative argument must fail under the Court's holding in *Hamilton.*

As to appellant's assertion that there was no NOD, we find that the oral statement of appellant's accredited representative at the May 1988 hearing, that appellant continued to claim a 20% rating, meets the statutory definition of an NOD. It was timely, it was addressed to the AOJ, and it was presented by appellant's accredited representative. When it was transcribed on July 25, 1988, it met the remaining statutory requirement that it be "in writing." We must conclude that, having met

all statutory requirements, the statement in question was the NOD as to the claim now on appeal. The date of certification of the transcript by VA is the date of filing.

Accordingly, because appellant's NOD as to the claim now on appeal was filed prior to November 18, 1988, the Secretary's motion to dismiss is granted, and this appeal is DISMISSED.