**Billy D. EVANS, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–594.

United States Court of Appeals for Veterans Claims.

May 24, 1999.

Sean Kendall, was on the briefs for the appellant.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Deputy Assistant General Counsel; and Patricia Trujillo, were on the brief for the appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

STEINBERG, Judge:

The appellant, veteran Billy D. Evans, appeals through counsel a December 24, 1996, decision of the Board of Veterans' Appeals (BVA or Board) that, inter alia, denied entitlement to an effective date earlier than July 30, 1992, for Department of Veterans Affairs (VA) disability compensation for service-con-

nected back and right-knee disorders. Record (R.) at 3. The appellant has filed a brief and a reply brief, and the Secretary has filed a brief. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons that follow, the Court will vacate the BVA decision and remand both matters.

## I. Relevant Background

There is no DD–214 of record; however, the BVA and the Secretary have both indicated that the veteran had active duty for training from July to December 1957 and active military service (including service in Vietnam) from March 1963 to December 1970. R. at 2, 106; Secretary's Brief (Br.) at 2. The appellant has not contested this point.

In July 1977, the Board denied claims for disability compensation based on service connection for a "back pathology" and "a nervous disorder". R. at 108. In March 1991, the veteran filed a statement indicating that he sought to (1) "[r]eopen my claim for service connection for my back injury"; and (2) establish "service connection for hearing loss and tinnitus", "injury to both knees", post-traumatic stress syndrome (PTSD), and "brain damage secondary to the medication the army and the VA gave me". R. at 110 (the BVA decision states that the claim was filed on April 23, 1991, (R. at 2–3), but the Court finds no basis on the form for that statement). A VA regional office (RO) in May 1991 requested that the veteran furnish additional evidence as to his original claims for service connection. R. at 112. In July 1991, the VARO notified the veteran that it had "denied" the "claim for disability compensation ... [s]ince we have not received" the additional information requested. R. at 114.

In October or November 1991, the veteran filed a Notice of Disagreement (NOD) as to his claims for "back injury both knees [sic], hearing loss, tinnitus ... [, PTSD, and] brain damage". R. at 116. (The record on appeal is unclear as to the date that this NOD was received, compare R. at 116 with R. at 117. However, whether the 1991 NOD was received in October or November is of no legal significance under the facts of this case.

Hence, we will refer to the October or November 1991 NOD as the "October/November 1991 NOD".) A handwritten note dated December 1991, which the Secretary asserts was written by "a VA employee" (Br. at 3), but which contains no salutation, has an illegible signature, and is not on any letterhead, stated as follows:

Please review—In my opinion case should have been referred to Rtg Bd prior to 7/29/91 [ (the date of the RO decision denying the veteran's claims) ] since Rtg Bd is responsible for review of all medical (we should note claims for new conditions based on available medical evidence, especially if we have SMRs [ (service medical records) ].

Now we have a[n] NOD with no real merit and we're asking for evidence again??

/s/ 12/9/91

Supplemental (Suppl.) R. at 2. An undated letter from the RO that the Secretary characterizes as "[a] subsequent letter" (Br. at 3) stated the following: "We cannot accept your [NOD] because we have not rated your claim for service connection as secondary to medication. We will review your claim and let you know our decision in the near future." Suppl. R. at 3.

In July 1992, the veteran sought to "reopen" as to his back-injury, PTSD, knee, hearing-loss, tinnitus, and brain-damage claims. R. at 119. After further administrative proceedings and factual development, the RO denied the veteran's claims on October 5, 1992, declining to reopen as to the previously disallowed back claim and denying the other claims on their merits. R. at 146–48, 150. The veteran then submitted a VA Form 1–9 (Substantive Appeal to the BVA) dated October 29, 1992, which the RO "[r]ecorded" as an NOD on November 19, 1992, as to "the denial of *all* my service[-]connected disability claims", specifically listing "[PTSD], brain damage, bilateral hearing loss, tinnitus, bilateral knee condition." R. at 153 (emphasis added). In January 1993, the RO provided to the veteran a Statement of the Case (SOC) that specifically referenced the October/November 1991 NOD (R. at 116) (and characterized it as an NOD), and denied

service connection for a nervous disorder (including PTSD), a back condition, a bilateral knee disability, hearing loss, tinnitus, and brain damage. R. at 159; *see generally* R. at 158–65. The veteran then filed another Form 1–9 in January 1993, stating as follows: "I do disagree on all accounts of your decision on my claim. However, instead of writing it all down, I will voice my disagreement in person"; the veteran then specifically requested a personal hearing before the RO. R. at 167–68. Following a March 1993 hearing before the RO (R. at 170–91), the Board, in July 1995(1) reopened the disallowed back and psychiatric-disorder claims (denied by the BVA in July 1977); (2) awarded service connection for a back and right-knee disorder; (3) remanded to the RO for further development the psychiatric disorder claim; and (4) denied the remaining claims as not well grounded (R. at 257–58).

In September 1995, the RO awarded a 20% rating for the back condition and provided a noncompensable evaluation for the right knee, both effective July 1992, and awarded a 10% rating for a non-service-connected personality disorder and a noncompensable rating for non-service-connected PTSD. R. at 277. In October 1995, the veteran, through his veterans' service organization representative, filed a memorandum claiming entitlement to an "earlier effective date"; the document did not specify any particular claim. R. at 282. Later that month, the veteran submitted, through his representative, a document, specifically labeled an NOD and expressing disagreement "on the basis that no recent examination had been conducted to determine the current level of severity of the service[-]connected lower back and right[-]knee disability." R. at 288.

In January 1996, the RO awarded an increased rating (to 40%) for the veteran's service-connected back condition but denied an effective date prior to July 1992. R. at 304. In response, he again filed an NOD in February 1996, claiming entitlement to an earlier effective date. R. at 308.

In the December 1996 BVA decision here on appeal, the Board, inter alia, denied an effective date earlier than July 1992 for the award of service connection for the right-knee and back disorders. R. at 4. Specifically, the Board concluded: "Since the veteran abandoned the claims of entitlement to service connection for low[-]back and right[-]knee disorders that he filed in [March] 1991, the law does not provide for an effective date earlier than July 30, 1992, the date that he refiled an application for those benefits." R. at 5 (citing 38 C.F.R. § 3.158(a) (1998)) (VA regulation regarding abandoned claims).

## II. Analysis

On appeal, the Secretary alleges that no SOC was issued as to the veteran's October/November 1991 NOD. Hence, the Secretary argues, citing *Tablazon v. Brown*, 8 Vet.App. 359, 361 (1995), that the Court lacks jurisdiction because, he asserts, there has been no final Board decision on this matter. Br. at 8–9. Alternatively, the Secretary urges that a remand is in order for the Board to provide an adequate statement of reasons or bases for its conclusion that the appellant's March 1991 claims had been abandoned, in light of the Board's failure to account for the October/November 1991 NOD in the December 1996 BVA decision here on appeal. Br. at 9–10. The appellant asserts that the Court should assign an effective date based on the March 1991 claim to reopen his back claim and for disability compensation for his right-knee, which the RO had denied in July 1991 and as to which denial the appellant had filed the October/November 1991 NOD. Br. at 9.

■■■ This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392, 393–94 (Fed.Cir. 1991); *Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990). In general, the Court has jurisdiction to review a final BVA decision only where an NOD was filed on or after November 18, 1988, as to the underlying RO decision. *See* Veterans' Judicial Review Act, Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) [hereinafter VJRA § 402]. *But see* 38

U.S.C. § 7111 (permitting appeal to this Court of Board decision regarding clear and unmistakable error in prior Board decision, which is an original claim to the Board, without jurisdiction-conferring NOD). An NOD is defined by regulation as "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the [RO] and a desire to contest the result"; it "must be in terms which can be reasonably construed as [expressing] disagreement with that determination and a desire for appellate review". 38 C.F.R. § 20.201 (1998); *see also Fenderson v. West,* 12 Vet.App. 119, 128 (1999); *Buckley v. West,* 12 Vet.App. 76, 82 (1998); *Beyrle v. Brown,* 9 Vet.App. 24, 27 (1996); *Hamilton v. Brown,* 4 Vet.App. 528, 531 (1993) (en banc), *aff'd,* 39 F.3d 1574, 1584–85 (Fed.Cir.1994).

 "Whether a document is an NOD is a question of law for the Court to determine de novo under 38 U.S.C. § 7261(a)". *Beyrle,* 9 Vet.App. at 27; *see also Fenderson* and *Buckley,* both *supra.* Generally, an NOD "shall be filed within one year from the date of mailing of notice of the result of initial review or determination" with which it is disagreeing. 38 U.S.C. § 7105(b)(1). *But see Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (doctrine of "equitable tolling" applies to cases in which Federal agency is a party in same way as it applies against a private party—when a party is induced or tricked by the other party's misconduct into missing a deadline for filing case in court); *Bonneville Assoc., Ltd. v. Barram,* 165 F.3d 1360, 1366 (Fed.Cir.1999) (noting that in *Bailey, infra,* the Federal Circuit "held that equitable tolling is available to avoid time limitations in the statutory provisions governing veterans benefits"); *Bailey v. West,* 160 F.3d 1360, 1365 (Fed.Cir.1998) (en banc) (holding that "equitable tolling" under *Irwin, supra,* could be applied to 38 U.S.C. § 7266(a) judicial-review filing period when VA's conduct mislead a claimant into "allowing the filing deadline to pass").

In this case, there are two issues involving whether NODs were filed: One issue relates to this Court's jurisdiction over this appeal, and the other relates to the Board's jurisdiction in 1991 and the abandonment question. As to the former, as will be made clear below in discussing the NOD for purposes of the Board's jurisdiction and the matter of abandonment, the veteran filed an NOD in October/November 1991 that placed his back and knee service-connection claims into appellate status. R. at 116. That NOD was satisfied when the Board awarded service connection for the veteran's back and right knee in July 1995 and returned to the RO the questions of rating and effective date. R. at 257–58. After the RO assigned ratings for those disabilities with a July 1992 effective date (R. at 277), the veteran submitted in October 1995, through his representative, a document expressly disputing the effective date (R. at 282). The RO then denied an earlier effective date (R. at 304)—but did increase the back-condition rating to 40% (*ibid.*)—and the veteran filed an NOD in February 1996 seeking an earlier effective date (R. at 308). Hence, either of these documents is an NOD as to the effective-date issue and confers jurisdiction over this appeal on this Court under VJRA § 402. *See Barrera v. Gober,* 122 F.3d 1030, 1032 (Fed.Cir.1997) ("veteran's overall [service-connection] claim, or case, for benefits is comprised of separate issues," including rating and effective date, and this Court "has jurisdiction to consider an appeal concerning one or more of those issues, provided a[n] NOD has been filed after the effective date of the [VJRA] .... with regard to the particular issue", citing *Grantham, infra* ); *Grantham v. Brown,* 114 F.3d 1156, 1158 (Fed.Cir.1997); *Holland v. Gober,* 10 Vet.App. 433, 436 (1997) (per curiam order) (applying *Barrera* and *Grantham* to hold that after RO award of service connection following remand from BVA, NOD filed as to rating and effective-date issues, not NOD filed as to RO's prior denial of service connection, conferred jurisdiction on this Court under VJRA § 402 over rating and effective date issues). In the instant case, then, the Court is faced with the downstream matter of the Board's denial of an effective date based on the appellant's March 1991 claim and not with the award of service connection itself. *See Barrera* and *Grantham,* both *supra.*

That brings us to the second NOD-related issue, the Board's determination in the decision here on appeal that the veteran's March 1991 claim had been abandoned and, based on that abandonment, that he was not entitled to an earlier effective date for his service-connected conditions. R. at 5. As to the abandonment question, it is clear that the veteran submitted in October or November 1991 an NOD as to the RO's July 1991 denial of compensation; indeed, the Secretary's two basic arguments, set forth above, are both premised upon the veteran's October/November 1991 NOD, see Br. at 7 (stating that "[t]he [RO] erroneously rejected [a]ppellant's October 1991 NOD"). The veteran in March 1991 had attempted to reopen as to his previously and finally disallowed back-injury claim and also then filed, inter alia, an original claim based on an asserted "injury to both knees". R. at 110. In May 1991, the RO notified the veteran that his back condition had been denied by the Board in 1977 and that that denial was "final pending new and material evidence". R. at 112. In July 1991, the RO sent to the veteran notice that his knee claim had been denied. R. at 114. Within one year after these RO notices, the veteran submitted a document dated "10/9/91", which the RO recorded as an NOD on November 5, 1991, that stated: "I wish to file a Notice of Disagreement on my service[-]connected claim for back injury [and] both knees". R. at 116. It is difficult to imagine a clearer "expressi[on of] dissatisfaction or disagreement with an adjudicative determination ... and a desire to contest the result". 38 C.F.R. § 20.201; see also Fenderson, Buckley, Beyrle, and Hamilton, all supra. Hence, the Court holds, on de novo review, that the October/November 1991 document was the NOD that led to the July 1995 BVA decision that had granted service connection based on the veteran's March 1991 back and knee claims, the effective date of which is now here on appeal. See Fenderson, Buckley, and Beyrle, all supra.

The Court notes that the Secretary's citation to Tablazon, supra, does not support his position that the Court lacks jurisdiction over the BVA decision. In that case, the appellant had filed an NOD in May 1976 and, therefore, the Court had been forced to dismiss the appeal for lack of a post-November 17, 1988, NOD conferring jurisdiction under VJRA § 402. See Tablazon, 8 Vet.App. at 360–61. In contrast, this Court recently held in Fenderson that, when "we are presented with a timely NOD[,] ... but regarding which the RO has never responded by issuing an SOC", the proper course of action is to remand the matter in order for the execution of " 'appropriate procedural compliance, specifically the issuance of an SOC' ". Fenderson, 12 Vet.App. at 131–32 (quoting Holland, 10 Vet.App. at 436); see also 38 U.S.C. § 7105(d)(1) (stating that agency of original jurisdiction (AOJ) "*shall* prepare a statement of the case" (emphasis added) and setting forth requisite contents thereof); 38 C.F.R. § 20.302(b), (c) (1998) (VA regulations regarding SOC).

The instant case, however, is not controlled by Fenderson and Holland because in this case the RO in January 1993 *did in fact issue an SOC*—one that specifically referred to the October/November 1991 NOD (albeit, that it mischaracterized subsequent VA actions as "reopenings"). R. at 159. Because that January 1993 SOC did address and refer to the RO's May and July 1991 denials of the claims referred to in the October/November 1991 NOD, the Court is satisfied that an SOC had been issued in this case. That January 1993 SOC ultimately led to the December 1996 BVA decision here on appeal, which dealt with the effective dates of the compensation awarded based on the claims placed into appellate status by the October/November 1991 NOD. Based on the facts of this case, the Court will reverse the BVA's determination that the veteran had abandoned his March 1991 claims (R. at 5 (citing 38 C.F.R. § 3.158(a))), and holds, as a matter of law, that those claims were not abandoned. See Cohen (Douglas) v. Brown, 10 Vet.App. 128 (1997) (noting procedural error that had led to RO's "premature" denial of claim under 38 C.F.R. § 3.158 and holding that claim on appeal to BVA and to Court was original claim, notwithstanding that RO had "denied his claim and incorrectly characterized it as one to reopen"); Hyson v. Brown, 5 Vet.App. 262, 265 (1993) (reversing BVA determination of abandonment un-

der "peculiar facts" of that case); *cf. Morris v. Derwinski*, 1 Vet.App. 260, 266 (1991) (holding that appellant abandoned his claim where he had failed to timely file NOD).

Finally, the Court notes that the undated RO letter (Suppl. R. at 3) that had eschewed VA's acceptance of the October/November 1991 NOD is not analytically significant, even assuming arguendo that the RO actually had the power to refuse to accept the NOD. *But see* 38 C.F.R. § 20.204 (1998) (noting that NOD must be withdrawn in writing and may be withdrawn by appellant or his representative, and that "[AOJ] may not withdraw a[n NOD] or a Substantive Appeal after the filing of either or both"). The undated RO letter had referenced only the claim for brain damage secondary to medication (a claim that is not on appeal) and thus could not have "rejected" the veteran's NOD as to the back and knee claims. Moreover, even if the Court were to hold that VA was empowered to have rejected entirely the veteran's October/November 1991 NOD, which we emphatically do *not* hold today, the veteran's subsequent Form 1–9, dated October 29, 1992, which VA had recorded as an "NOD" in November 1992 (R. at 153), would then have served as an NOD as to the RO's October 5, 1992, denial (R. at 146–48) of his previously unadjudicated March 1991 claims. This analysis would be borne out by the RO's statement, in its undated letter rejecting the veteran's October/November 1991 NOD, that the RO intended to "review [the veteran's claim] and let [him] know our decision in the near future." Suppl. R. at 3. Thus, if the RO had been empowered to reject the veteran's NOD, the October 1992 RO denial would have served as the "decision" referred to in the undated letter. In either event, the veteran's appeal was perfected by his January 1993 Substantive Appeal. R. at 167–68.

Hence, the undated RO letter cannot affect our conclusion that the BVA decision here on appeal was an adjudication of the claims first raised by the veteran in March 1991 rather than an adjudication of a reopening as to those claims based on the veteran's July 1992 statement (R. at 119); that statement served merely to prompt VA into action on his pending March 1991 claims. Finally, notwith-standing the RO's characterization in the October 5, 1992, rating decision (R. at 146) of the veteran's July 1992 statement (R. at 119) as a claim to reopen, that July 1992 statement *could not* have been a claim to reopen because the March 1991 claim was still in the process of adjudication, the RO not having issued an SOC following the October/November 1991 NOD as to the back and knee claims, and, thus, there was no disallowance at that point to "reopen".

██ The determination of the effective date for an original or reopened claim is governed by 38 U.S.C. § 5110(a), which provides as follows:

Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim [or] a claim reopened after final adjudication ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

*See also* 38 C.F.R. § 3.400(b)(2), (r) (1998) (providing that effective date shall be date of receipt of claim or date entitlement arose); *see also Link v. West*, 12 Vet.App. 39, 46 (1998); *Tucker v. West*, 11 Vet.App. 369, 372 (1998). A Board determination of the proper effective date is a finding of fact. *See Link, supra* (citing *Hanson v. Brown*, 9 Vet.App. 29, 32 (1996)). The Court reviews questions of fact using the "clearly erroneous" standard of review in 38 U.S.C. § 7261(a)(4). In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible basis' in the record for the factual determinations of the BVA ... [the Court] cannot overturn them." *Gilbert v. Derwinski*, 1 Vet. App. 49, 53 (1990); *see also Elkins v. West*, 12 Vet.App. 209, 216 (1999) (en banc) ("[u]nder this standard, we cannot reverse a finding simply because we would have reached a different conclusion based upon the same record", citing *Gilbert, supra* ).

██ The BVA denied the veteran an effective date earlier than July 30, 1992, because "the veteran abandoned the claims ... that he filed in [March] 1991". R. at 5. Because the Court holds today that the veteran had not abandoned those claims, the Board's ef-

fective-date determination is clearly erroneous. In such a case as this, the proper course is to remand the matter for the Board to determine the proper effective date. *See Hazan v. Gober,* 10 Vet.App. 511, 521 (1997); (remanding to BVA for effective-date determination because Court "cannot say what result would have flowed from consideration of all the evidence of record"); *cf. Scott (Charles) v. Brown,* 7 Vet.App. 184 (1994) ("[r]esolution of the question of whether the Board accurately determined the effective date requires the Court to decide whether the Board erred in its factfinding") (quoting *Quarles v. Derwinski,* 3 Vet.App. 129, 135 (1992)). Hence, the Court will remand this matter for the Board to make the appropriate factual determination of the proper effective date based on the May 1991 claim.

### III. Conclusion

Upon consideration of the foregoing analysis, the record on appeal, and the submissions of the parties, the Court vacates the December 24, 1996, BVA decision as to the back and right-knee claims and remands those matters for expeditious further development and issuance of a readjudicated decision supported by an adequate statement of reasons or bases, *see* VJRA § 402; 38 U.S.C. §§ 1110, 5107, 5110(a), 7104(a), (d)(1), 7105; 38 C.F.R. §§ 3.400(b)(2), (r), 20.201, 20.302(b); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991)—all consistent with this opinion and in accordance with section 302 of the Veterans' Benefits Improvements Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or the Court). *See Allday v. Brown,* 7 Vet.App. 517, 533–34 (1995). The October 30, 1998, stay is lifted. On remand, the appellant will be free to submit additional evidence and argument on the remanded claim in accordance with *Kutscherousky v. West,* 12 Vet.App. 369, 370 (May 4, 1999) (per curiam order). The Court notes that a remand by this Court and by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. *See*

*Stegall v. West,* 11 Vet.App. 268, 271 (1998). A final decision by the Board following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant. *See Marsh v. West,* 11 Vet. App. 468, 472 (1998).

VACATED AND REMANDED.