NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7224

JOSEPH D. MAPLES,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Joseph D. Maples, of Yukon, Oklahoma, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel and Tracey P. Warren, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# United States Court of Appeals for the Federal Circuit

2007-7224

JOSEPH D. MAPLES,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs

Respondent-Appellee.

_____

DECIDED:  September 14, 2007

_____

Before DYK and MOORE, <u>Circuit Judges</u>, COTE, <u>District Judge</u>.[*]

PER CURIAM.

Joseph D. Maples appeals the decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals (Board) that Maples was not entitled to an earlier effective date for service connection for hammertoes deformity and hallux valgus.  <u>Maples v. Nicholson</u>, No. 04-0244 (Vet. App. Nov. 3, 2006).  Because this appeal involves issues that fall outside this court's jurisdiction, we <u>dismiss</u>.

## BACKGROUND

Maples served on active military duty from March 1963 until May 1965.  He received treatment in 1963 for severe athlete's foot and blisters.  Maples filed a claim for

---

[*]        Hon. Denise Cote, District Judge, United States District Court for the Southern District of New York, sitting by designation.

compensation for an infection of his left foot and in July 1972 the regional office (RO) denied service connection for foot infection. That decision was not appealed and became final. He sought to reopen his claim for service connection for his foot condition in August 1983, which the RO denied in September 1983. Maples then underwent a VA examination, and was diagnosed with painful callouses, dermatophytosis, and a wart. In May 1984, the RO granted service connection, effective August 1983.

After subsequent VA examinations, Maples was also granted service connection for bilateral hammertoes deformity and hallus valgus, with an effective date of June 4, 1997 for this condition. In August 2000, Maples submitted a statement disagreeing with the June 1997 effective date. In January 2004, the Board (following a Veterans Court remand pursuant to the Veterans Claims Assistance Act) affirmed the RO's decision that Maples was not entitled to an earlier date of award of service connection. The Veterans Court affirmed the Board decision.

## ANALYSIS

We have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof by the Veterans Court and "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(a), (c). We lack jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. Id. at § 7292(d)(2).

All of Maples assertions on appeal pertain to his belief that he is entitled to an earlier date of award for bilateral hammertoes deformity and hallus valgus. The determination of the effective filing date is a question of fact. Evans v. West, 12 Vet.

App. 396, 401 (1999); <u>Hanson v. Brown</u>, 9 Vet. App. 29, 32 (1996). We lack jurisdiction to review such factual determinations. Specifically, Maples asserts that the Board "failed to address the 1975 claim for service connection for 'feet' to see if it qualified as a claim for bone abnormalities." The question of whether a claim that requested service connection for "feet" could be construed as a claim for service connection for bilateral hammertoes deformity and hallus valgus is a question of fact.[1] Maples also asserts that the Board misinterpreted the word "reopen" with respect to his 1984 claim for service connection. The Board determined that Maples had not previously raised a claim for a foot disability other than a foot infection, thus, the VA could have only construed his request to reopen as a claim for his previously denied foot infection claim. This too is a question of fact. Maples also argues that his earlier medical evaluations themselves should have constituted claims for benefits that would have entitled him to an earlier effective date. This is a factual question.[2]

      Since none of these claims fall within our jurisdiction, we dismiss.

---

[1] Even if bilateral hammertoes deformity and hallus valgus were in fact the same conditions that were the subject of the earlier claim, Maples is not necessarily entitled to the earlier effective date. <u>See</u> <u>Cook v. Principi</u>, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc).

[2] Likewise, we lack jurisdiction over Maples allegations that the VA should have looked at the information more thoroughly.

2007-7224                3