Citation Nr: 1237386 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 08-23 939 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to an initial evaluation in excess of 10 percent prior to October 23, 2008, for service-connected residuals of a traumatic brain injury. 

2. Entitlement to an evaluation in excess of 40 percent after October 23, 2008, service-connected residuals of a traumatic brain injury. 

3. Entitlement to service connection for residuals of a cervical spine injury with left arm weakness.

4. Entitlement to service connection for a left shoulder disorder. 

5. Entitlement to an effective date prior to September 6, 2005, for the grant of service connection for residuals of a traumatic brain injury. 


REPRESENTATION

Veteran represented by: David L. Huffman, Attorney

WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Dale, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1969 to March 1970. This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions by the Department of Veterans Affairs (VA) Regional Office in Roanoke, Virginia (RO). The appeal is remanded to the RO. 


REMAND

During the August 2012 Board hearing, the Veteran testified that he has received treatment for his service-connected residuals of a traumatic brain injury (TBI), as well as his alleged residuals of a cervical spine injury, with left arm weakness, and his left shoulder disability from the VA Medical Center (VAMC) in Martinsburg, West Virginia, the VA Community-Based Outpatient Clinic (CBOC) in Harrisonburg, Virginia, and a VA facility in Roanoke, Virginia. Specifically, the Veteran stated that he last received treatment at the Martinsburg VAMC "a couple of weeks ago," and alluded to a future appointment at that facility in October 2012. Further, the Veteran testified that he was last seen at the VA facility in Roanoke, Virginia in December 2011 or June of 2011 for a Compensation and Pension examination, and that he received treatment at the Harrisonburg CBOC approximately five times each year. 

Review of the Veteran's VA claims file reflects that the most recent VA treatment records from the Martinsburg VAMC are dated on September 28, 2007, and the most recent records showing treatment at the Harrisonburg CBOC are dated on May 21, 2011, although the facility had contact with the Veteran by telephone until July 27, 2011. 

In light of above, the Board finds there is an indication in the record that additional evidence relevant to the issues being decided herein is available and not part of the record. See Pelegrini v. Principi, 18 Vet. App. 112 (2004). In order to comply with VA's duty to assist, the Board finds that a remand for further development is warranted. See Bell v. Derwinski, 2 Vet. App. 611 (1992) (holding that VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim). 

With respect to the Veteran's claim for an effective date prior to September 6, 2005, for the grant of service connection for residuals of a TBI, in the June 2011 rating decision, the RO assigned an effective date of August 28, 2006, for the award of service connection for this disability. At a November 2011 RO hearing, the Veteran, through his a representative of his attorney, expressed disagreement with the effective date assigned for the award of service connection for residuals of a TBI, stating that the award should be made effective from October 13, 2005. This statement was accepted as a notice of disagreement with the effective date as assigned in the June 2011 RO decision. 38 C.F.R. § 20.204 (2012); Tomlin v. Brown, 5 Vet. App. 355, 357-58 (1993).

In a January 2012 rating decision, the RO granted the Veteran's claim for an earlier effective date for the grant of service connection for residuals of a TBI, assigning an effective date of September 6, 2005. This assigned effective date pre-dates the specified by the representative of the Veteran's private attorney at the November 2011 RO hearing. 

In a June 2012 statement, the Veteran's attorney asserted that the award of service connection for residuals of a TBI "should be taken back to the date the Veterans Affairs received the claim from 2004 to the present." The Board concludes that the June 2012 statement from the Veteran's private attorney is an effective and timely notice of disagreement with the effective date assigned for the grant of service connection for residuals of a TBI by the RO in the January 2012 rating decision. See 38 U.S.C.A. § 7105A (West 2002); 38 C.F.R. §§ 20.200, 20.201, 20.501 ( 2012). 

Consequently, the Board must remand this issue for the RO to issue a statement of the case addressing the issue of entitlement to an effective date prior to September 6, 2005, for the grant of service connection for residuals of a TBI, and to give the Veteran an opportunity to perfect an appeal of this issue by submitting a timely substantive appeal. Manlicon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is remanded for the following actions:

1. The RO must issue a statement of the case and notification of the Veteran's appellate rights on the issue of entitlement to an effective date prior to September 6, 2005, for the grant of service connection for residuals of a TBI. See 38 C.F.R. §§ 19.29, 19.30 ( 2012). The Veteran is reminded that to vest jurisdiction over this issue with the Board, a timely substantive appeal to the rating decision in January 2012 must be filed. 38 C.F.R. §20.202 ( 2012). If the Veteran perfects an appeal as to this issue, it must be returned to the Board for appellate review. 

2. The RO must contact the Veteran and afford him the opportunity to identify or submit any additional pertinent evidence in support of his claim of entitlement to increased ratings for his service-connected residuals of a TBI, as well as his claims to establish service connection for residuals of a cervical spine injury, with left arm weakness, and a left shoulder disorder. Regardless of the Veteran's response, the RO must attempt to obtain all VA treatment records from the Martinsburg VAMC dated after September 28, 2007, and the Harrisonburg CBOC dated after May 21, 2011. All attempts to secure this evidence must be documented in the claims file by the RO. If, after making reasonable efforts to obtain the named records the RO is unable to secure same, the RO must notify the Veteran and (a) identify the specific records the RO is unable to obtain; (b) briefly explain the efforts that the RO made to obtain those records; (c) describe any further action to be taken by the RO with respect to the claims; and (d) that the Veteran is ultimately responsible for providing the evidence. The Veteran and his attorney must then be given an opportunity to respond. 

3. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be readjudicated. If the claims on appeal remain denied, a supplemental statement of the case must be provided to the Veteran and his attorney. After the Veteran and his attorney have had an adequate opportunity to respond, the claims must be returned to the Board for further appellate review. 

No action is required by the Veteran until he receives further notice; however, he may present additional evidence or argument while the case is in remand status at the RO. Kutscherousky v. West, 12 Vet. App. 369 (1999). 


_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) ( 2012).