Citation Nr: 1450462 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 10-45 537 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for diabetes mellitus.

2. Entitlement to service connection for carpal tunnel syndrome. 

3. Entitlement to service connection for a left knee disorder.

4. Entitlement to service connection for back pain.

5. Entitlement to service connection for radiculopathy of the left upper extremity and bilateral lower extremities.

6. Entitlement to a higher rating for hypertension.

7. Entitlement to a higher rating for atopic dermatitis.

8. Entitlement to a higher rating for sinusitis.

9. Entitlement to a rating in excess of 10 percent for status post right knee meniscectomy with chondromalacia patella prior to November 27, 2012 and in excess of 20 percent from that date.

10. Entitlement a rating in excess of 20 percent for cervical spine degenerative disc and joint disease.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

C. Lawson, Counsel


INTRODUCTION

The Veteran served on active duty from February 1974 to February 1996.

These matters have come to the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA) which denied service connection for diabetes mellitus and higher ratings for cervical spine and right knee disability. That decision had also denied service connection for hypertension and sinusitis, and the Veteran had perfected appeals of those decisions. However, in April 2012, the RO granted service connection for hypertension and sinusitis. Accordingly, the issues of service connection for hypertension and sinusitis are no longer on appeal. 

In October 2013, the RO denied multiple issues. In correspondence dated later in October 2013, the Veteran indicated his disagreement with the issues of service connection for carpal tunnel syndrome, service connection for a left knee disorder, service connection for back pain, service connection for radiculopathy of the left upper extremity and bilateral lower extremities, entitlement to a higher rating for hypertension, and entitlement to a higher rating for atopic dermatitis. 

In addition, a report of general information generated by a veterans service representative on March 2014 indicates that the RO had received a notice of disagreement on October 17, 2013, and that current issues on appeal included sinus conditions. At the time of the Veteran's April 2014 hearing before the undersigned, her representative indicated that the matters of higher ratings for hypertension and sinusitis are on appeal. Based on the record currently before the Board (including electronic claims files) no statement of the case has been issued in connection with these issues. 

The issue of service connection for diabetes mellitus and the issues discussed in the foregoing two paragraphs are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

During the Veteran's April 2014 hearing, she effectively withdrew her appeals on the issues of the ratings to be assigned for her service-connected status post right knee meniscectomy with chondromalacia patella and cervical spine degenerative disc and joint disease.




CONCLUSIONS OF LAW

The criteria for withdrawal of the appeals for higher ratings for status post right knee meniscectomy with chondromalacia patella and cervical spine degenerative disc and joint disease have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5). (West 2002); 38 C.F.R. §§ 20.202, 20.204 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

During the Veteran's November 2012 hearing, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that she wanted to withdraw her appeals concerning the ratings assigned for her service-connected status post right knee meniscectomy with chondromalacia patella and cervical spine degenerative disc and joint disease. 

Under 38 U.S.C.A. § 7105, the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. A Substantive Appeal may be withdrawn on the record during a hearing or in writing at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. With regard to the issues withdrawn by the Veteran, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeals as to those issues and they are dismissed.

No assistance or notice under 38 U.S.C.A. Chapter 51 (West 2002) is necessary for the above claims since the appeals have been withdrawn.


ORDER

The appeals on the issues of higher ratings for status post right knee meniscectomy with chondromalacia patella and cervical spine degenerative disc and joint disease. are dismissed.





REMAND

Diabetes mellitus was not diagnosed in service or prior to December 2007. However, the Veteran pointed out in October 2010 that in December 1996, she had a glucose of 100, and a diabetes mellitus publication which she has submitted in October 2010 says that this is evidence of "pre-diabetes". This was within a year after her February 1996 service separation. 

Her private doctor indicated in March 2014 that the Veteran's diabetes mellitus is "service related in accordance with her military records". That doctor stated that the current diabetes "started as Pre-diabetes and likely was occurring during (the Veteran's) time of military service." The Board is not sure whether she meant to say that the pre-diabetes was occurring in service, or that the diabetes was, and the Board notes that another one of the Veteran's doctors reviewed her service treatment records in July 2009 and stated that they did not show evidence of diabetes. The Board finds that under 38 C.F.R. § 3.159, a VA examination should be conducted for the claim for service connection for diabetes mellitus, as indicated below. 

Beforehand, however, further records development is necessary pursuant to 38 C.F.R. § 3.159. A December 2007 private medical record states that the Veteran's diabetes mellitus was newly diagnosed in the emergency room at the Southern Regional Medical Center earlier that month. Those records are not of record and should be obtained. 

The Board also notes that the RO denied a claim for multiple issues in a decision dated in October 2013. Subsequent correspondence from the Veteran later that month indicated disagreement with decisions regarding the issues of service connection for carpal tunnel syndrome, service connection for a left knee disorder, service connection for back pain, service connection for radiculopathy of the left upper extremity and bilateral lower extremities, entitlement to a higher rating for hypertension, and entitlement to a higher rating for atopic dermatitis. The Veteran presented testimony in which he discussed his disagreement with the issue of the rating for sinusitis. The Board finds that this testimony constitutes a notice of disagreement. See Tomlin v. Brown, 5 Vet. App. 355 (1993) (holding that a statement made during a personal hearing, when later reduced to writing in a transcript, constitutes a Notice of Disagreement within the meaning of 38 U.S.C. § 7105(b) ). The Board must therefore remand this issues for issuance of a statement of the case (SOC) pursuant to 38 C.F.R. § 20.200. See Manlincon v. West, 12, Vet. App. 238 (1999); see also Godfrey v. Brown, 7 Vet. App. 398, 408-10 (1995).

Accordingly, the case is REMANDED for the following action:

1. Make arrangements to obtain the initial records of treatment which the Veteran received for diabetes mellitus from the Southern Regional Medical Center emergency room in December 2007. This evidence must be incorporated into the Veteran's claims folder, as should all relevant evidence which is currently being held in any temporary file at the RO. 

2. After incorporating into the claims record the above evidence to the extent it is available, the RO should schedule the Veteran for an appropriate examination to determine the etiology of her current diabetes mellitus. The claims file must be provided to the examiner for review in conjunction with the examination. 

After reviewing the file and the remand, the examiner should offer opinions as to the following: 

 Is it at least as likely as not (a probability of at least 50 percent or higher) that the Veteran's current diabetes mellitus was manifest in service or within 1 year of discharge, or is otherwise causally related to service?

Detailed reasons for the opinions furnished must be provided by the examiner, with specific discussion of service treatment records, post-service medical records, and/or medical treatise information, etc., as appropriate.

3. The RO should issue a statement of the case to the Veteran and his representative in response to his notice of disagreement with the denial of issues of service connection for carpal tunnel syndrome, service connection for a left knee disorder, service connection for back pain, service connection for radiculopathy of the left upper extremity and bilateral lower extremities, entitlement to a higher rating for hypertension, entitlement to a higher rating for atopic dermatitis and entitlement to a higher rating for sinusitis. The Veteran is advised that a timely substantive appeal will be necessary to perfect the appeal to the Board concerning his claim. See 38 C.F.R. § 20.302(b) (2014).

4. Thereafter, readjudicate any and all pending appeals in light of the expanded record. If the benefits sought on appeal are not granted to the Veteran's satisfaction, issue a statement of the case or supplemental statement of the case, whichever is/are appropriate, on all such matters on appeal and provide the Veteran and her representative the opportunity to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
Michael Martin
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs